JOHN JAMISON, Appellee, v. G. W. HARBERT, Appellant.

**Partnership**: SALE OF INTEREST WITH WARRANTY: LIABILITY. Where a partnership was so organized that each partner might sell his interest without dissolving the firm, and one partner conveyed by bill of sale his "equal undivided one-sixth part," covenanting to warrant and defend the sale of the property against all persons, and he was at the time indebted to the firm, *held*, that there was a breach of the warranty to the extent of such indebtedness, and that he was liable to the purchaser for the amount thereof.

*Appeal from Wayne District Court.*—HON. W. H. TEDFORD, Judge.

MONDAY, JANUARY 23, 1893.

ACTION at law to recover the sum of three hundred and twenty-five dollars and ninety cents, which the plaintiff alleges to be due to him from the defendant on account of a breach of contract by which the defendant sold to the plaintiff a one-sixth interest in a partnership known as the "Occidental Coal Company." There was a trial to the court, and a judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*J. W. Freeland*, for appellant.

*C. W. Steele* and *W. L. Livingston*, for appellee.

ROTHROCK, J.—The Occidental Coal Company was organized in the year 1885. It was a partnership composed of six persons, each of whom owned a one-sixth interest in the firm. The plaintiff and the defendant were members of the partnership. It appears that the partnership was not a general one. It was organized with some of the features common to corporations.

The association was in fact the successor of a corporation which carried on the same business, and the partnership appears to have been carried on under the articles adopted by the corporation. Whether they adopted all of these articles does not appear from the record. But it is conceded that the parties to the new organization held their interests by certificates of capital stock, and that a sale of his stock by one member did not dissolve the association; and by the articles and by-laws of the association a transfer of the share of any member was to be made on the books of the company. The transfer or sale of the interest of the defendant to the plaintiff was accompanied by a bill of sale in which the following language was used, applicable to the property sold, and in the way of warranty thereof:

"The one equal undivided one-sixth part of the Occidental coal mine, located at Seymour, Iowa, including machinery, cars, tracking, and all the appurtenances thereto belonging, to have and to hold the same, unto the said party of the second part;  *  *  * and I do, for myself, my heirs and executors, covenant and agree to and with said party of the second part to warrant and defend the sale of the said property hereby made unto said party of the second part against all and every person and persons whomsoever."

This was an express warranty of the property against all and every person. The fact is that at the time of the sale the defendant did not own one-sixth of the coal mine, including machinery, cars, tracking, and appurtenances. He had executed a note to the association for the sum of two thousand and one hundred dollars, upon which there was a balance due amounting to three hundred and twenty-five dollars and ninety cents. The defendant was not entitled to, and did not own, one-sixth of the property, because he owed the last-named sum to the company, and pay-

ment thereof was necessary to constitute him the owner of the share he sold to the plaintiff. The plaintiff was compelled to pay that amount to the company before he was entitld to a one-sixth share. It is very plain that there was a breach of the written warranty.

Much has been said in argument as to whether the partnership had a lien on the defendant's share for the balance due to the company. We think it is immaterial what the nature of the right of the company may be in the way of a lien. The fact is that the defendant sold a one-sixth interest, and he had no such interest. He owed over three hundred dollars thereon; and, as he warranted the sale of the whole interest, it was incumbent on him to make his warranty good. AFFIRMED.